## CALVIT vs. COMPTON & AL.

Appeal from the court of the sixth district.

Martin, J. delivered the opinion of the court. The plaintiff claims sundry slaves, and their increase, in the possession of the defendants. They pleaded the general issue and prescription, and called on the representatives of their vendor in warranty.

The plaintiff had judgment and the defend-dants appealed.

The statement of facts, shows that Mul-hollan deposed the plaintiff brought over from Mississippi, a negro woman, named Mary, in 1809 or 1810, she was purchased at the sale of Abram and Mary Martin, by Ruther-ford, the defendants' vendor. She had then two or three children. She is the one who was claimed in the suit of Hicks & wife vs. Martin. When Calvit left Mary, he took Sylvia, a wo-man slave, whom he kept till she died, which was after the sale of Martin's estate. Negroes pass, in Mississippi, by verbal sale: her value, $75 per month.

The documents produced are the sale of Martin's estate, at which Mary and her two children were bought—Rutherford's sale to the defendants—the record of the case of Hicks & wife vs. Martin. 9 *Martin*, 47.

It is admitted that slaves are personal pro-perty in Mississippi, and pass by verbal sale.

We think the district judge did not err, in recognizing the plaintiff's title. He brought the slave over from Mississippi.—It is urged he took another in her room, and so there was an exchange—but the contract of exchange of

West'n District, slaves, as well as of that of sale, must be writ-
*Sept.* 1824.
ten, and parol proof of it cannot be received.

CALVIT        A written proof is such as results from the
*vs.*
COMPTON& AL. answer of the present plaintiffs, when called in
as warrantor by Martin in the case of Hicks &
wife. He there said, he transferred and deli-
vered two slaves, but he concludes he has a
*just and legal title* in them. The transfer and
delivery must be considered as one which did
not vest a title.

The plea of prescription is not supported.
It does not appear the representatives of Ruth-
erford ever bought.

It is therefore ordered, adjudged and de-
creed, that the judgment of the district court be
affirmed, with costs.

*Johnston* for the plaintiff, *Thomas* for the de-
fendants.